Dear Mr. Becnel:
You ask this office if you may serve as assistant district attorney for St. John the Baptist Parish and for Orleans Parish. Both positions are part-time.
Your concern stems from the fact that the position with Orleans Parish will be paid either by state warrant or under contract. Compensation, in general, has no effect upon the permissiveness or disallowance of the simultaneous holding of offices under the Dual Officeholding and Dual Employment Laws, R.S. 42:51, et seq.
The determinative criteria are the types of positions to be held. An assistant district attorney holds "appointive office" as defined by R.S.42:62(2)[1]; see also Article V, § 26(A) of the Louisiana Constitution (1974) stating that "a district attorney may select assistants as authorized by law." LSA-R.S. 16:51(A) states that "the district attorney of each judicial district and the parish of Orleans shall appoint a first assistant district attorney and such other assistant district attorneys for his respective judicial district or the parish of Orleans as may be necessary." Further, LSA R.S. 16:51(B) provides that "assistant district attorneys serve at the pleasure of and may be removed at the discretion of the district attorney."
The law prohibits the holding of two full-time appointive positions, as R.S. 42:63(E) states:
 E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
The prohibition is inapplicable, as both positions here under consideration are held on a "part-time" basis as defined by statute. See R.S. 42:62(4) and (5).[2]
Further, dual-officeholding provisions are generally inapplicable when a position is held under contract. Dual-officeholding provisions are applicable only when the facts involve the holding of two or more public offices or employment.
Finally, since neither position contemplates state employment, the prohibition of R.S. 39:1498[3] is inapplicable. See Attorney General Opinion 99-5.
We conclude the law does not prohibit the simultaneous holding of these positions.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: August 1, 2003
LSA-R.S. 39:1498
[1] R.S. 42:62(2) states:
(2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
[2] R.S. 42:62(4) and (5) provide:
(4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
[3] R.S. 39:1498 provides in part:
§ 1498. Approval of contract; penalties
A. Before approving a proposed contract for professional, personal, consulting, or social services, the director of the office of contractual review or an assistant shall have determined that:
(1) All provisions of R.S. 39:1497 have been complied with.
(2) The using agency has statutory authority to enter into the proposed contract.
(3) The contract will not establish an employer/employee relationship between the state or the using agency and any prospective contractor.
(4) No current state employee will engage in the performance of the proposed contract except as provided for in R.S. 39:1498.2.
(5) No using agency has previously performed or contracted for the performance of tasks which would be substantially duplicated under the proposed contract without appropriate written justification.
(6) There has been appropriated or otherwise lawfully made available and ready for expenditure sufficient monies for payment of the services called for in the contract, at least for the applicable fiscal year.
(7) The contracting using agency has specified the purpose, duration, specific goals and objectives, measures of performance, and a plan for monitoring the services to be provided under the contract.
(8) The using agency has a written plan for the monitoring of the contract and such monitoring plan has been submitted in accordance with rules and regulations adopted by the office of contractual review.
(9) The provisions of R.S. 12:25(E) have been complied with, if the contract is with a business corporation, the provisions of R.S. 12:205(E) have been complied with, if the contract is with a nonprofit corporation, or the provisions of R.S. 12:304(A)(11) have been complied with, if the contract is with a foreign corporation.
B. Any corporation which fails to make complete disclosure of ownership, directors, and officers as required by law shall be required, as a penalty, to refund any funds received by that corporation from the state for the contract.